```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
                   SOUTHERN DIVISION
                      AT LONDON
```

**CIVIL ACTION NO. 2008-129 (WOB)**

JAMES PRATER                                              PLAINTIFF

VS.                      <u>OPINION AND ORDER</u>

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                           DEFENDANT


This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 10) and the cross-motion for summary judgment of the defendant (Doc. 12).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." <u>Alexander v. Apfel</u>, 17 Fed. Appx. 298, 300 (6th Cir. 2001) (citing <u>Buxton v. Halter</u>, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for benefits, the claimant must establish that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Id. at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the claimant cannot perform his past relevant work, he is not

2

disabled if he can perform other work which exists in the national economy.  Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

The claimant was fifty-seven years old at the time of the ALJ's decision.  The highest grade the claimant completed was fifth grade and he has borderline intellectual functioning. He has past relevant employment as a heavy equipment operator and worked in the strip mines.

The claimant has filed three previous applications for disability, with the last becoming final on October 31, 2003. Accordingly, his current period of disability begins on November 1, 2003.  The claimant alleges he became disabled on February 1, 2001, due to problems with his lungs, depression, high blood pressure and arthritis.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert.  Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity since his alleged onset date.  At step two, the ALJ determined that the claimant's lung disease, low back pain, depression and borderline intellectual function are severe impairments.  At step

3

three, the ALJ determined that, although claimant has an impairment that is "severe," he does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.  Prior to step four, the ALJ determined that the claimant had the residual functional capacity ("RFC")to perform a significant range of medium level work.  At step four, the ALJ found the claimant could not perform his past relevant work.  At step five, the ALJ, relying on the testimony of the vocational expert, determined that there are a significant number of jobs in the national economy that the claimant can perform, including: janitorial cleaning, 19,000 jobs in the region and 1,570,000 jobs in the nation; production laborer/hand packer, 15,000 jobs in the region and 943,000 jobs in the nation; and assembly worker, 5,000 jobs in the region and 287,000 jobs in the nation.  Therefore, the ALJ found that the claimant was not disabled.

    The claimant argues that the ALJ erred in not according proper weight to his treating physician's finding that he can only perform light work.  Based upon the claimant's age, education, and experience, such a finding would render him disabled under the grid.

    The court, however, finds that the ALJ extensively analyzed the doctors' reports, both treating and consulting, and determined their credibility by looking at the objective medical records.  The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-

4

supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(d)(2).  If an ALJ does not find a  treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified.  Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993).

    Here, the claimant specifically argues that the ALJ failed to give good reasons for rejecting Dr. Stumbo's opinion limiting the plaintiff to light work.  In rejecting Dr. Stumbo's opinion, the ALJ stated:

> Although on July 13, 2004, Dr. Stumbo assessed the claimant with an ability to perform light work only, the assessment is rejected because there is no explanation to why he limits the claimant to light work only.  On September 30, 2004, the claimant's blood pressure was 130/80 and he had no rales or wheezes.  On November 11, 2004, the claimant's blood pressure was 110/70 and he had no wheezing or rales.  On July 18, 2006, the claimant had complaints only of coughing and it was noted that his chest was clear.

(AR 21).  The court notes that Dr. Stumbo stated that the plaintiff has chronic lung disease which is exasperated with mild exertion. (Ar 336).   Later in the decision, the ALJ noted: "There was a 2004 functional capacity assessment completed by Dr. Stumbo, . . . [which] shows a light work restriction, but has no explanation as to why there is such a limitation.  At the same time in 2004, there were visits that showed no allegations of shortness of breath at all."  (AR 23).

    The court finds that the ALJ articulated clear reason why he discredited treating physician Dr. Stumbo's physical assessment: he did not find the treating physician's sparse reasoning to be

5

supported by the record.  The court finds that the ALJ stated acceptable reasons for finding Dr. Stumbo's assessment less than fully credible.

Claimant also argues that the ALJ erred in rejecting certain mental assessments without articulating the reason for rejecting these opinions.  The Commissioner admits that the ALJ did not expressly indicate that he was discounting Dr. Stumbo's mental assessment, but argues that the ALJ indirectly attacked the opinion in such a way as to provide good reasons to discount it.  The court disagrees, and finds that the ALJ did not follow the regulations requiring he provide "good reasons" for the weight given a treating sources opinion.  See Bowen v. Commissioner of Social Security, 478 F.3d 742, 747-48 (6th Cir. 2007).

In reaching his decision of the claimant's mental RFC, the ALJ did not even mention that Dr. Stumbo had rendered a mental assessment.  Although Dr. Stumbo is not a mental health specialist, he did treat the claimant for symptoms of depression and his opinion should have been considered by the ALJ.  Dr. Stumbo opined that the claimant had only a fair ability to perform the requirements needed to successfully adjust to a job. He also found the claimant's ability to carry out simple job instructions was also limited.  (AR 331).  Dr. Stumbo opined that the claimant's limitations were associated with his depression and that it was difficult for him to focus and concentrate on a particular issue for a length of time.  (AR 331).  In addition, Dr. Stumbo mentioned claimant's depression on his physical

6

assessment.

In <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit remanded a denial of Social Security benefits finding that the ALJ's failure to give "good reasons" was grounds for remand even if substantial evidence otherwise supported the ALJ's decision. *Id*.  The regulations requiring the ALJ to provide good reasons for rejecting a treating physician's findings is "an important procedural safeguard for claimants for disability benefits." *Id.* at 547 (citing <u>Snell v. Apfel</u>, 177 F.3d 128, 134 (2d Cir.1999)).

The Commissioner argues that the ALJ's failure to provide good reasons for requesting Dr. Stumbo's mental assessment was harmless error because the ALJ indirectly attacked his assessment.  The ALJ's decision, however, does not meet the goals of § 1527(d)(2) because he did not even mention Dr. Stumbo's mental assessment.  <u>See</u> <u>Bowen</u>, 478 F.3d at 748-49.  The ALJ's failure to provide good reasons for rejecting Dr. Stumbo's mental assessment was error.  <u>Id.</u>

The ALJ's decision also did not articulate the reasons for his apparent rejection of certain aspects of Dr. Couch's opinion. Dr. Couch, a licensed psychologist, performed a consulting evaluation on the claimant and concluded that, based upon the level of the claimant's depression, he could not cope adequately with the pressures and stresses of a typical work setting.  In addition, Dr. Couch found that the plaintiff is limited in his ability to relate to peers, co-workers and supervisors and has a

7

limited ability to adapt to change.

In discussing the claimant's mental limitations, the ALJ discussed Dr. Couch's findings and also discussed the opinion of Dr. Culter.  The ALJ noted that Dr. Cutler gave Dr. Couch's opinion that the claimant would have difficulty relating to others and would not be able to cope with work related stressors little weight because Dr. Cutler did not think it was supported by the objective findings.  The ALJ, however, did not state why he was rejecting Dr. Couch's consulting evaluation in favor of those of records reviewer Dr. Cutler.  The court finds that the ALJ should have articulated his reasons for not crediting Dr. Couch's opinion and his failure to do so is error.

For the foregoing reasons, the court finds that the ALJ's decision is not based on substantial evidence.  Once a court determines that substantial evidence does not support the Commissioner's decision, it can reverse the decision and award benefits only if all essential factual issues have been resolved and the record establishes a claimant is entitled to benefits. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).  Where, as here, the factual issues have not been resolved, the court shall remand the case for further consideration.  Id.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 10) be, and it hereby is, **granted in part** as to plaintiff's request for a reversal of the Commissioner's

8

decision, and **denied in part** as to his request for a court ordered award of benefits, and that the cross-motion for summary judgment of the defendant (Doc. 12) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  A separate judgment shall enter concurrently herewith.

This 10th day of December, 2008.



Signed By:
**William O. Bertelsman** WOB
United States District Judge